# CIRCUIT COURT OF CHESTERFIELD COUNTY

Chesterfield County

v.

Earle Spencer et al.

July 8, 1999

Case No. CH99-536

BY JUDGE HERBERT C. GILL, JR.

The parties were before the Court on the plaintiff's demurrer to Mega Contractors' and Corman Construction's Cross-Bills. After reviewing the pleadings and the law of the Commonwealth of Virginia, the Court will sustain the demurrer.

In their cross-bills, Mega and Corman ask for the costs of relocation in the event that Chesterfield County should prevail on its Bill of Complaint. The basis for the relief sought is that Mega and Corman expended those costs in reliance on the approval of the permits by the County. Additionally, Mega and Corman argue that their Cross-Bill is not yet ripe as the County's Bill of Complaint has not prevailed. The County demurs to the Cross-Bills on the basis that estoppel does not apply to the County.

As Counsel for the County indicates in their brief, the law of the Commonwealth is clear that estoppel does not apply to the County. In *Westminster-Canterbury v. City of Virginia Beach*, the Supreme Court of Virginia held "estoppel does not apply to the state or local governments when acting in a governmental capacity. *Westminster-Canterbury v. City of Virginia Beach*, 238 Va. 493, 503, 385 S.E.2d 561 (1989) (citations omitted). Additionally in reference to building permits, the Supreme Court held, "when a municipality grants such a permit, it is acting in its governmental, not proprietary, capacity and is not estopped as the result of its acts or those of its agents or employees." *Segaloff v. City of Newport News*, 209 Va. 259, 261, 163 S.E.2d 135 (1968). As to Mega and Corman's argument that the Cross-Bill is not yet ripe, the Court follows the law of the Commonwealth regarding

the function of a demurrer to "test whether a bill of complaint states a cause of action upon which relief can be granted, and a demurrer admits as true all allegations of material facts which are well pleaded." *Penick v. Dekker*, 228 Va. 161, 166, 319 S.E.2d 760 (1984). Therefore, since estoppel does not apply to the County, the Court finds that the Cross-Bills, regardless of their ripeness, allege no cause of action upon which relief can be granted and the demurrer shall be sustained.